# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alvin Chambers,**
**Petitioner Below, Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0020** (Webster County 13-P-26)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alvin Chambers, appearing *pro se*, appeals the December 11, 2013, order of the Circuit Court of Webster County that denied his third petition for a writ of habeas corpus. Respondent Warden, by counsel Christopher S. Dodrill, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was sentenced on two counts of third degree sexual assault and two counts of sexual abuse by a parent, guardian, or custodian. The two sexual assault counts were to run concurrently and the two sexual abuse counts were to run concurrently, but the sexual assault counts and the sexual abuse counts were to run consecutively. Petitioner was therefore sentenced to twenty to forty years imprisonment. Petitioner filed a direct appeal to this Court, which was refused.

Petitioner filed his first petition for a writ of habeas corpus on August 18, 2006, and was subsequently appointed habeas counsel. Counsel filed an amended petition on December 26, 2006, alleging eighteen grounds of relief. The circuit court provided petitioner an omnibus hearing on May 27, 2007. On December 12, 2007, the circuit court denied the petition after addressing all eighteen grounds including ineffective assistance of trial counsel.

Petitioner filed his second habeas petition on September 23, 2010, with regard to an *nunc pro tunc* order the circuit court entered on April 28, 2009, to correct an error in its December 12, 2007, order denying petitioner's first petition. Because the error related to whether petitioner's sentences continued to run consecutively, petitioner argued the *nunc pro tunc* order violated double jeopardy principles. Petitioner was again appointed habeas counsel and provided a hearing on February 9, 2011. On February 23, 2011, the circuit court denied the second petition. Petitioner appealed to this Court, and we affirmed the circuit court's February 23, 2011, order. *See Chambers*

1

*v. Ballard*, No. 11-1082, 2012 WL 2988791 (W.Va. Supreme Court, March 12, 2012) (memorandum decision).

Petitioner filed his third habeas petition on October 16, 2013, asserting that counsel in each of his prior habeas proceedings failed to conduct a reasonable investigation into his claims. However, petitioner's allegations focused on his *trial* counsel's performance: (1) that trial counsel failed to protect his right to be free of unlawful searches and seizures; (2) that trial counsel failed to hold the State to its burden of proof; and (3) that trial counsel failed to have the charges dismissed with prejudice. On December 11, 2013, the circuit court denied the petition, stating as follows:

> This marks the third petition the Court has received from the Petitioner regarding the request for post-conviction habeas corpus relief in the underlying case 05-F-12. However, as previously stated, this Court finds this Petition merely re-alleges the grounds for relief that were previously and finally adjudicated under the guise of ineffective assistance of counsel. To the extent the Petition asserts any allegations not previously raised in prior habeas corpus proceedings, the Court finds the Petitioner has waived the right to assert those grounds, as they were not previously brought before the Court. Thus, pursuant to West Virginia Code § 53-4A-1(c)[,] Petitioner has already exhausted his request for relief. Accordingly, the relief requested by Petitioner in this instant petition is hereby denied.

Petitioner now appeals the circuit court's December 11, 2013, denial of his third petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner asserts that the circuit court erred in finding the claims in his third petition were previously and finally adjudicated. This Court has held that the doctrine of *res judicata* bars subsequent habeas petitions:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

Syl. Pt. 2, *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606, 608 (1981).

Factually-supported allegations of ineffective assistance of habeas counsel constitute an exception to this rule. *See* Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608. However, respondent warden correctly notes that petitioner alleged the ineffectiveness of trial counsel, and not of habeas counsel. Accordingly, we agree that the circuit court's denial of petitioner's third petition should be affirmed.

Bald assertions "without detailed factual support [do] not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh,* 166 W.Va. at 771, 277 S.E.2d at 612. This Court finds that while petitioner alleged ineffectiveness of habeas counsel, he set forth detailed factual support only for his claims of ineffective assistance of trial counsel. Because petitioner has already had prior habeas proceedings in which he was afforded counsel and a hearing, he may not re-raise the ineffectiveness of trial counsel. This Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II